# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 18-396-JHP-SPS ) |
| CORE CIVIC, INC., et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a pro se state prisoner who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges he suffered constitutional violations while incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, and has named 35 defendants, all of whom are sued only in their individual capacities:

    (1) Core Civic, Inc., Owner of DCF;
    (2) James Yates, DCF Warden;
    (3) Kevin Brown, DCF Chief of Security;
    (4) Mrs. Dorman, DCF Chief Unit Manager;
    (5) Mr. Perez, DCF Assistant Warden;
    (6) Mr. Gentry, DCF Assistant Warden;
    (7) Tiffany Ade, DCF Max Unit Manager;
    (8) Mark Knutson, DOC Director Designee;
    (9) Johnny Blevins, DOC Inspector General;
    (10) Ray Larimer, Health Service Administrator;
    (11) Fred Sanders, DCF Medical Doctor;
    (12) Latoya Edwards, DCF Correctional Officer;
    (13) Mr. King, DCF Case Manager-Max Unit;
    (14) Mr. Pfaff, DCF Case Manager-Max Unit;
    (15) Mr. Pfaff, DCF Counselor-Max Unit;[1]
    (16) Ms. Boggs, DCF Counselor-Max Unit;
    (17) Mr. Wayda Stamey, DCF Correctional Officer;
    (18) Mr. Joshua Phillips, DCF Correctional Officer;
    (19) Rhonda Shivley, Nurse, Core Civic Supplemental Health Care Services, Inc.;
    (20) Sam Sam Hassan, DCF Law Library Supervisor;

---

[1] Plaintiff alleges the two defendants named Mr. Pfaff are brothers (Dkt. 1 at 15).

(21) Mrs. J. Morales, DCF Mailroom Supervisor;
(22) Mrs. Maria Martinez, DCF Mailroom Clerk;
(23) Mr. Collins, DCF Correctional Officer;
(24) Sgt. Robinson, DCF Disciplinary Supervisor;
(25) Mr. Key, DCF Disciplinary Officer-Investigator;
(26) Supplemental Health Services, Inc. Director, John-Jane Doe;
(27) Susan Burkhalter, Nurse Practitioner;
(28) Serena Brewer, Nurse Practitioner;
(29) Darrell L. Moore, DCF Attorney;
(30) Diana Jones, Manager of Operations Finance;
(31) Terry Underwood, Grievance/Misconduct Coordinator;
(32) Joe Allbaugh, DOC Director;
(33) Dr. Keith Ivans, Director of Correctional Medical Associates;
(34) Dr. Justin Pham, Radiologist, Correctional Medical Associates; and
(35) Dr. Yvonne Neon, Doctor, Correctional Medical Associates.

Before this action may proceed, Plaintiff must file an amended complaint, as explained below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the

2

allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*.

A reviewing court, however, need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Allegations**

Plaintiff alleges, among other things, that from June 2017 to November 2018, certain defendants were biased against him, "set him up" to be attacked by another inmate, retaliated against him, conspired to issue him false misconduct reports, delayed and denied his medical treatment, denied him envelopes and photocopies, tampered with his outgoing legal mail, improperly placed him on grievance restriction, and denied him placement in protective custody. After construing the allegations liberally, the Court finds there are deficiencies which Plaintiff must correct in the amended complaint.

**Supervisory Liability**

Plaintiff claims certain defendants are liable in their supervisory capacities. Supervisory liability under § 1983 may not be premised upon a theory of respondent superior. *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)). To succeed on a supervisory liability theory, a plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation." *Booker*, 745 F.3d at 435 (quoting *Schneider*, 717 F.3d at 767). To demonstrate that link, "three elements [are] required to establish a successful § 1983 claim against a defendant based upon his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind." *Schneider*, 717 F.3d at 767.

**Retaliation Claims**

Plaintiff alleges retaliation by certain defendants. "[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. . . . [However], [a]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d

4

1252, 1263-64 (10th Cir.) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotations omitted, emphasis in original), *cert. denied*, 549 U.S. 1059 (2006). An inmate claiming unconstitutional retaliation also "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including [any] disciplinary action, would not have taken place." *Peterson*, 149 F.3d at 1144 (quoting *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990)).

**Conspiracy Claims**

Plaintiff also has made multiple claims of conspiracies involving the defendants. "Allegations of conspiracy may . . . form the basis of a § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citation omitted). "However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants," and "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim" *Id.* (quotation omitted). Further, "a deprivation of a constitutional right is essential to proceed under a § 1983 conspiracy claim." *Snell v. Tunnell*, 920 F.2d 673, 701-02 (10th Cir. 1990), *cert denied*, 499 U.S. 976 (1991). Thus, to prevail on such a claim, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (citations omitted).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on the Court's form. The amended complaint must set forth each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Plaintiff must

provide a short and plain statement of when and how each named defendant allegedly violated his constitutional rights and showing Plaintiff is entitled to relief from each named defendant.  *See* Fed. R. Civ. P. 8(a).  He also shall identify a specific constitutional basis for each claim.  *See id*.  He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim.  Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. Further, the Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else."  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court.  It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint.  An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).  *See also* Local Civil Rule 9.2(c).  Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The Court Clerk is directed to send Plaintiff the proper form for filing an amended complaint.  If Plaintiff fails to file an amended complaint in accordance with this Order, this action shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.  The Court Clerk is directed to send Plaintiff a copy of the form for filing a civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 6th day of February 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma