# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**EZEKIEL DAVIS,**  )
          )
    Plaintiff,  )
          )
v.          )  No. CIV 18-396-JHP-SPS
          )
**CORE CIVIC, INC., et al.,**  )
          )
    Defendants. )

## OPINION AND ORDER

On February 6, 2019, Plaintiff was directed to file an amended complaint to correct deficiencies in his original complaint (Dkt. 6). On February 25, 2019, he filed a motion for a 20-day extension of time to file an amended complaint, "contingent upon being allowed to store his legal property in the cell until each [of his pending federal and state lawsuits] is complete than [sic] be allowed to send excess property home or destroy it." *Id.* at 2-3. He complains that since his transfer to Oklahoma State Penitentiary on January 9, 2019, he has not received any of his legal materials, including documentation and books. *Id.* at 1. In addition, he has in excess of the limitation of one cubic foot of legal materials. *Id.* at 2. Plaintiff alleges he "cannot access the court without the tools needed to assert and move [his] cases forward." *Id.*

Construing Plaintiff's request for access to his legal materials liberally, he is seeking an *ex parte* preliminary injunction, as no defendant has been served with process or has entered an appearance in this matter. "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp. v. Urban Gorilla, L.L.C.*, 500

F3.d 1222, 1226 (10th Cir. 2007). A preliminary injunction is an "extraordinary remedy," and therefore "the right to relief must be clear and unequivocal." *Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181, 1185 (10th Cir. 1975). Plaintiff's request for an injunction reflects that he is seeking an injunction to require his access to all his legal materials. This type of mandatory injunction "affirmatively require[s] the nonmovant to act in a particular way, and . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure that the nonmovant is abiding by the injunction." *Id.* at 1099. This is a "specifically disfavored" type of injunction, and Plaintiff has a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc). Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 976. The Court finds Plaintiff's request falls short of the heightened burden of proof for the issuance of a mandatory preliminary injunction. Therefore, the request is denied.

Although Plaintiff allegedly lacks the access he desires, he nonetheless may file an amended complaint as directed by the Court. As set forth in the previous Opinion and Order, Plaintiff must provide a short and plain statement of when and how each named defendant allegedly violated his constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). He also shall identify a specific constitutional basis for each claim. *See id.* To the extent Plaintiff asserts he needs access to his legal materials to support his claims, the Court will consider a motion to supplement the amended complaint, or a motion to file a second amended complaint, after service of the defendants.

**ACCORDINGLY,** Plaintiff's motion for extension of time to file his amended complaint is GRANTED, and his request for an order directing access to his legal materials is DENIED. Plaintiff is directed to file within thirty (30) days an amended complaint as directed by the Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 28th day of February, 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma