# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 18-396-JHP-SPS ) |
| CORECIVIC, INC., et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the Court on Defendant Darrell Moore's motion to dismiss Mr. Moore from this action (Dkt. 101). Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. He is proceeding *in forma pauperis*.

Plaintiff brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at OSP and at Davis Correctional Facility (DCF) in Holdenville, Oklahoma.[1] Mr. Moore is one of 49 defendants named in Plaintiff's amended complaint (Dkt. 11). Plaintiff makes the following allegations against Defendant Moore:

> Darrell L. Moore, Attorney DCF, acted under the color of state law when he knowing [sic] participated in the violation of my constitutional rights by directing prison officials to deny me adequate medical care and violating my First Amendment by falsely maintaining a case where my constitutional rights are being violated, he is sued in his individual, and official capacity for injunction.

---

[1] Plaintiff alleges DCF is owned by Defendant CoreCivic, Inc. (Dkt. 11 at 4).

*Id*. at 21.  Plaintiff further claims:

> I was intentionally transferred here [OSP] by ODOC in order to releave [sic] DCF of the finance [sic] responsibility to pay for specialist care, and Darrell Moore and others told [DCF Unit Manager] Tiffany Ade to set me up to make it look like I'm the bad guy . . . .

*Id.* at 41.

**Standard of Review**

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed.  *Id*. at 558.  The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim.  *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The generous construction to be given to the pro se litigant's allegations, however, "does

not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). With these standards in mind, the Court turns to the merits of Defendant Moore's motion.

**Discussion**

Defendant Moore's motion to dismiss alleges Plaintiff has failed to state a claim under 42 U.S.C. § 1983. Moore is a private attorney who provides legal representation to Defendant CoreCivic and its employees who are named as defendants in certain state and federal civil suits. Moore is not an employee of the DOC or an employee of CoreCivic. He, therefore, maintains he did not act under color of state law.

Plaintiff alleges in his response to the motion (Dkt. 103) that Moore "advis[ed] his clients to take adverse actions against the Plaintiff at opportune moments throughout *Davis v. CoreCivic*, No. CIV-17-296-JHP-SPS [sic]" (Dkt. 103 at 1), although Plaintiff offers no specific facts to support this claim. Plaintiff further contends Moore advised

Dr. Sanders at DCF to delay Plaintiff's MRI for more than a year. *Id*. at 3. In addition, Moore allegedly conspired with the DCF defendants and misled this Court regarding prison policies in *Davis v. CoreCivic*, No. CIV 17-293-JHP-SPS. *Id*. at 5-6.

"Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (quoting 42 U.S.C. § 1983). After careful review, the Court finds Plaintiff has not pleaded sufficient facts to allow the court to reasonably infer Defendant Moore acted under color of state law. "[I]n order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (quoting *Lee v. Town of Estes Park*, 821 F.2d 1112, 1114 (10th Cir. 1987)). Here, the Court finds Plaintiff has presented only vague and conclusory allegations.

Based on the foregoing reasons, the Court finds the allegations in Plaintiff's amended complaint concerning Defendant Moore do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971).

**ACCORDINGLY,** Defendant Darrell Moore's motion to dismiss Mr. Moore from this action (Dkt. 101) is GRANTED for Plaintiff's failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 7th day of February 2020.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma