IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,
PLAINTIFF,

v.

CORE CIVIC, INC.,
et al.,
DEFENDANTS.

CASE No. CIV-18-396
JFH-SPS

FILED
DEC 28 2020
PATRICK KEANEY
Clerk U.S. District Court
By ______ Deputy Clerk

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COMES NOWS Ezekiel Davis, Plaintiff appearing pro se in the entitled case move pursuant Rule 65, Fed. R. Civ. P. with this Motion for the following reasons;

STATEMENT OF CASE

Plaintiff filed this 42 U.S.C. against certain prison officials for violating my First, Eighth, Fourteenth Amendments, and for section 1983 Civil Conspiracy. I am in the custody and care of the Oklahoma Department of Corrections.

STATEMENT OF FACT

As stated in the declaration submitted with this motion, Plaintiff was transferred back to the Davis Correctional Facility (DCF) where the Defendant committed Federal violation of "continuing violation" by delaying and denying me access to adequate medical care by a physician qualified to assess my serious medical needs, retaliating by labelling me a snitch, setting me up to be physically attacked by another inmate - young gang members.

The Defendants also used excessive force against me, by pepper spraying me once transferred to the Oklahoma State Penitentiary (OSP) and by using handcuff's and leg irons/ restraints to causing me physical harm. SEE: Complaint.

Since being transferred back to DCF Defendant King told my Caucasian cellmate that I'm a rapist and not a good cellmate and has had PREA's filed on me in the past, and that my cellmate should be careful; Defendant Pfaff took my cellmate for a attorney call and made the commit that he was sorry that he had to be in the cell with someone like me, when my cellmate asked Defendant Pfaff what he meant Defendant Pfaff told my cellmate that I'm a rat and he (Mr. Roddy) need to watch me. SEE: Exhibit 5; SEE Also: Complaint

The Defendants have withheld the MRI done on Sept. 25, 2020 that I need for evidence in these cases to show the damage to my spine, medical at DCF are delaying seeing me and denying me athletic shoes to support arch support because the previous facility (OSP) did not enter a need for it. SEE: Exhibit 6; 9; 10; 11; 15, 1 of 2; 16, 1 of 2.

The Defendants Core Civic, Dr. Sanders, Ray Larimer only have one (1) Nurse Practitioner and Dr. Sanders for over 1,700 inmate, and I'm awaiting neurologist care due to new pain symptons that I'm experiencing, and Neurologist can pin point what medical care/treatment should be provided for my condition.

## ARGUMENT

## POINT ONE (1)

## THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer

the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion. SEE: Kiowa Indian Tribe of Oklahoma v. Hoover, 150 F.3d 1163, 98 (10th Cir. 1998)

A. THE PLAINTIFF IS THREATENED WITH IRREPARABLE HARM

The plaintiff is entitled to equal protection under the law due to the Defendants continuous violation of my constitutional rights. I'm told I can't attorney shop(?) Violating my 1st Amend. SEE: Exh. 16-17

The Defendants in this case are engaged in a on going civil conspiracy against me, by acting in a concerted effort by ODOC Defendants at OSP to set me up on Feb. 11, 2020 to confiscate all of my legal property based on made up and fabricated reasons that multiple callers called OSP and allegedly claimed that my life was in danger, when on Feb. 11, 2020 I never told anyone at OSP that my life was in danger. I was punitively punished by being held on the Segregation Housing Unit (SHU) for (120) days with the first (85) with no sanctioned disciplinary days to serve.

Once on SHU at OSP several OSP staff issued me false and fabricated misconducts and even the Deputy Warden Rankins threatened me and gave me a false misconduct. Defendant Marlar, OSP doctor denied me continuity of care from Jan. 2019 until he was terminated July 2020, and the new doctor (Dr. Fabian) she ordered a up-dated MRI however as soon as MRI was done on Sept. 25, 2020 I was transferred back to DCF within seven (7) days on Oct. 2, 2020, and MRI is being withheld. SEE: Exh. 6; 12; 13 & 14.

I have been at DCF for over a month and several Defendants in this case have harassed and retaliated by telling my cellmate that I'm to be watched because

I'm Asnith and I have PREA's in my record when I've never sexually violated anyone in my entire life, ODOC staff know that when a inmate allege they have been sexually assaulted by another inmate most times its done for one inmate to get away from another inmate that they may not like. However, when I've filed PREA on a prison official the prison officials are protected and I was punish for reporting it. I was threatened by a Cpl. Higdon that can be seen on camera taking the PREA sign off my cell door in June 2020 and saying that he and the inmate in the next cell would take me to the shower and I would need to call the PREA-Hotline, Cpl. Higdon than slid the PREA door sign into my food port and laughed. When I complained to the Warden Tommy Sharp my allegations was deflected and a week late Cpl. Higdon served me a food tray with uncooked food and when I attempted to bring it to his attention he retaliated with a misconduct that I was tampering with a locking devise when I merely was showing Cpl. Higdon the tray with uncooked food, and refused to allow him to have the tray until he got a supervisor because Cpl. Higdon said he would not get me another tray with cooked food.

I don't have all my legal documents so I cannot provide evidence of the false misconducts and grievances.

The Defendants at OSP acted in a concerted effort to retaliate once they learned about my pending law suit that state a prima facie case against certain prison officials. On Oct. 2, 2020, I was transferred back to DCF, where the evidence support that Dr. Sanders was contacted in Aug. 2017 by a Stephen Lange whom placed a false mental health assessment in my medical record at LCF on Dec. 7, 2016 when I've never talked to a

Stephen Lange on Dec. 7, 2016; however Dr. Sanders was made prejudice against me on Aug. 24, 2017 and he slandered, defamed and labelled me in a false "chart entry" in my medical record, and shared it with several other DCF medical personnel. SEE: Exhibit 7, 1 of 6; 8, 1 of 8.

This evidence not only support a civil conspiracy, but also support retaliation for exercising my constitutional rights and deliberate indifference to my serious medical needs, because private prisons only wanted to use less effective medical care of just providing medication and X-Rays not MRI's in order to cut cost, because Defendant Yates and Burney has admitted to Core Civic being allowed to circumvent several ODOC Policies and Plaintiff has showed that more ODOC Policies have been violated than was admitted to. SEE: Complaint and Plaintiff's Responce To Defendants Summary Judgment. Also, Plaintiff assert that ODOC has had to remove State prisoners from a Core Civic private prison - Cimarron Correctional Facility (CCF) due to the State ODOC not being able to pay Core Civic to house ODOC inmates, this fact supports Plaintiff's allegation that ODOC has allowed Core Civic to "cut cost" by circumventing ODOC Policies to save money by not providing outside medical care with my litigation. SEE: Complaint. SEE Also. Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976); Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994). See Also: Complaint and All Exhibits.

Plaintiff is suffering irreparable harm due to the continuous constitutional violations and now being exposed to a deadly disease that I can only contract by a prison employee coming into work sick with Coronavirus (COVID-19), this act is being done with a reckless disregard to my health and safety, and I am suffering unnecessary and wanton infliction of physical (back pain) and psychological pain

in accordance with the Eighth Amendment Plaintiff do Not have to await a tragic event. SEE: Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475 (1993); Elrod v. Burns, 427 U.S. 347, 373, 96 S. Ct. 2673 (1976).

In addition, the Plaintiff is threatened with irreparable harm because of my spinal condition is continuing to deteriorate and the Defendant are delaying medical care when they have my medical record that state that I'm suffering from neuropathy in my lumbar spine, neuropathy left untreated once it gets to 70 to 80% will cause me to lose the use of my legs, I do not have to wait for this to happen. I have already submitted Sick Call Request at OSP and DCF letting medical personnel know that I am experiencing new pain symptoms, and I have not been told about why my lumbar pain is getting worse, because I have sharp pain in my neck and lower back, that causes pain in my buttocks and legs when I try to stand from a sitting position, my neck is very pain when I move from side to side and is bending forward. SEE: Exh. 9-11; Special Report.

The Defendants are now conspiring to intentionally down plan my spinal condition because of my law suits against them, and are seeming to be intentionally be causing delay of any kind of corrective medical care; inflicting wanton pain and suffering until I can no long walk or stand on my own power.

There is no medical reason for the delay in telling me what can medically be done to releave the pain and correct my medical condition. SEE: Exh. 6; Special Report.

The Defendants actions of delaying medical care by a physician qualified to assess my serious medical needs is showing deliberate indifference and is cruel and unusual punishment. id. Estelle, see also: In re Kemmler,

136 U.S. 436, 447, 10 S.Ct. 930, 34 L.Ed. 519 (1890).
Plaintiff is in fear for his quality of life, health and safety because Plaintiff is in ODOC custody and the Defendants' slanderous chart entries in my medical record, false misconducts are designed to punish me in retaliation for exercising my constitutional rights, showing that ODOC has a secret "Memorandum" allowing Core Civic to circumvent ODOC Policies in breach of their Contractual Agreement with the State. I fear that my life is in danger due to my litigation, and the Defendants sitting me up by prison employees telling inmates that I am a snitch, and having me attacked by young gang member. SEE: Complaint.
Plaintiff has petition this Court with TRO's to no avail as if I am being denied my First Amendment right to be heard as if my Complaints are not meritorious, or as if the Court is allowing the Defendants to continue to violate my constitutional right due to prejudice... when to-date I have not been told what is the end result of my spinal condition if left untreated - the Defendants have intentionally delayed necessary medical care by their failure to inquire into essential facts that are necessary to make a professional judgment, and the law states that if no informed judgment has been made the Court must find that a Eighth Amendment claim has been stated, and the court show not shrink from its obligation to "enforce the constitutional rights of all persons, including prisoners." SEE: Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); Tillery v. Owens, 719 F.Supp. 1256, 1308 (W.D. Pa. 1989).
The Defendants appear to be waiting for my spinal condition to worsen to where I am debilitated and can nolonger walk, this Court has evidence that medical care for my serious medical need has been delayed since 2016 and

to-date the Defendants are transferring me back and forward after they find out what my spinal condition is and will not tell me nor provide me with the up-dated MRI-Radiologist Report done on Sept. 25, 2020. SEE: Exh. 6; 7-11.

Plaintiff is threatened with irreparable harm by Defendants intentional delay of medical care, intentionally pitting other inmates against me to attack me in the cell, being allowed to retaliate with false misconducts, untrue "chart entries" in my medical record by persons not employeed at LCF on Dec. 7, 2016. SEE: Exh. 1, 1 of 4; 2, 1 of 2; 3, 1 of 2; 4.
If Plaintiff do not receive timely medical care I could lose the function of my legs... this supports the Court issuing injunction relief in a timely manner.

B. THE BALANCE OF HARDSHIPS FAVORS THE PLAINTIFF

The Court must ask in deciding to grant TRO's and preliminary injunctions - whether the the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. SEE: Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986) (holding prisoners interest in safety and medical care outweighed state's interest in saving money by cutting staff).
The Defendants have transferred me back to DCF after falsely alleging my life was in danger - yet I never made such a report until I was verbally threatened by Deputy Warden Rankins at OSP who told me I was not safe at OSP and OSP staff started to issue me false

false misconducts in retaliation for my law suit against OSP staff. My legal documents to support this is at OSP. Once transferred to DCF on Oct. 2, 2020, several Defendants have learned of my return, and told my present cellmate that I'm a snitch and a rapist, when I've never raped anyone in my life, this was done by a Case Manager Robert King and Defendant Pfaff who has a brother that set me up with other DCF Defendants to be physically attacked in Sept 2018. See: Complaint. Clearly, the balance of hardships favor the Plaintiff whom is under the custody of the Defendants whom are upset at me for exercising my constitutional right when I filed this suit and am able to support my allegations with documentary evidence. See: Complaint and Affidavit by Defendants Yates and Burney Doc No. 40-1 and 40-2 . See Also: Exh. 5.

C. THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERIT

The Plaintiff asserts that he has a great likelihood of success on the merits. What the Defendants are doing is a repeat of their constitutional violations that Plaintiff has already complained about, which constitute "continuous violation, intentionally failing to provide adequate medical care by a physician qualified to assess my serious medical needs, intentionally prescribing a less effective treatment knowing that my cervical and lumbar condition with neuropathy cannot be properly or timely treated with the medication prescribed, intentionally delaying access to a physician that is qualified to assess my serious medical needs in order to make a informed medical judgment about what will be an effective course of medical care, the Defendants intentionally placing my life in danger by

telling other inmate that I am a snitch and a rapist. The continuous violation supports irreparable harm, the balance of hardship, especially when the Defendants have all of my legal property in their possess and OSP Defendants have kept it to-date. SEE: Exhibit 12; 13 & 14; SEE Also Exh. 5.

The Plaintiff has a likelihood of success greater than the Defendants likelihood of success, and there are serious questions of law going not only to the merits but also the balance of hardship, especially when the evidence in this case shows that the Defendant knew about my spinal condition and acted reckless and continue to do so after having knowledge constitute deliberate indifference. SEE: Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999)

Plaintiff seeks relief due to the extraordinary situation of requiring the Defendants to take affirmative action by providing a physician qualified to assess my serious medical needs, to cease from placing my life in danger by telling other inmates that I'm a snitch so they will attack me, and to cease transferring me back and forward so Defendants can retaliate against me here at DCF, whom have harass me with false misconducts and sitting me up with other inmates so I can be attacked, its already started with my present cellmate whom happens to be a Caucasian and gang member.

Plaintiff has established a right to relief. U.S. Ass'n of Imps of Textiles and Apparel v. United States, 413 F.3d 1344, 1346 (Fed. Cir. 2005); Pharmaceutical Research and Mfrs. of Am. v. Walsh, 538 U.S. 644, 670, 123 S. Ct. 1855, 155 L. Ed. 2d 889 (2003)

Plaintiff has shown that the Defendants have violated my constitutional rights and continue to do so seemingly because noone has stopped them, therefore I'm being

punitively punished for doing that which I have a constitutional right to do, the Defendants actions should shock the Court's conscience. There is no excuse for the continued delay, supporting the need for the Federal Court to intervene.

D. THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST

Plaintiff assert that in this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution. SEE: Phelps-Roper v. Nixon, 545 F.3d 685 690 (8th Cir. 2008); Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986).

The Defendants have submitted evidence affidavits of Defendant Yates and Burney that admit that ODOC General Counsel, DCF Law Library and Core Civic headquarters created a secret "Memorandum" that allowed DCF to circumvent ODOC Policies that are directly related to my claims and defenses. This evidence supports that ODOC have allowed private for profit prison corporations to violate their Contractual Agreement with the State to provide medical care to State prisoners, including specialist care done by these Defendants denial and delayed in violation of my Constitutional rights, and the protection of constitutional rights is a compelling public interest. SEE: Washington v. Reno, 35 F.3d 1093, 1103 (6th Cir. 1994); R.G. v. Koller, 415 F.Supp. 2d 1129, 1162 (D. Haw. 2006); Howard v. U.S., 864 F.Supp. 1019, 1029 (D. Colo. 1994). SEE: Doc. No. 40-1; 40-2.

The Defendants repeated violations of my constitutional rights should be constitutionally intolerable to fundamental fairness and should support deliberate indifference - when medical treatment is so obvious and cursory as to amount

to no treatment at all, this level of constitutional violation should be in the public interest, and the Court should put a stop to it by granting injunction relief in the show cause

POINT TWO (2)

THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed. R. Civ. P. However, the Plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Elliott v. Kiesewetter, 98 F.3d 47, 60 (3d Cir. 1996) (stating that district Courts have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rule Civil Procedure if "the balance of the equities weighs overwhelmingly in favor of the party seeking the injunction"); see: Moltan Co. v. Eagle-Pitcher Industries, Inc., 55 F.3d 1171, 1176 (6th Cir. 1995).

Conclusion

For the foregoing reasons, the court should grant the relief sought in its entirety in the show cause and temporary restraining order and set a date for a hearing by phone or other means.

Respectfully submitted,

[signature]

Ezekiel Davis
#186754, EB-213
6888 E. 133rd Rd.
Holdenville, Okla. 74848